CHESTER J. ZAROZINSKI'S CASE. May 31, 1968. On April 29, 1965, a driver, during a trip on a trailer truck containing lumber, assisted in changing the position of his heavy load and reloading lumber when some of the load shifted, causing the truck to lean. Thereafter he had persistent chest pains. He reported the condition to a supervisor. For nearly a month he was in a

Rescript Opinions.

hospital. There was a diagnosis of coronary occlusion. Medical testimony indicated that the exertion was a precipitating factor. Upon the somewhat conflicting expert and other testimony, there was substantial basis for concluding (a) that the employee sustained a compensable injury; (b) that the injury caused his total disability and subsequent partial disability (because truck driving would have been too strenuous work after the employee's severe heart attack); (c) that the employee had prompt, adequate treatment; and (d) that "the insurer had ample opportunity to investigate . . . and was . . . in no way prejudiced." Dr. Budnitz's testimony about the cause of disability, in context, could reasonably be viewed as including all the subsequent disability. Cross-examination did not establish that his opinion must be interpreted otherwise. See *Garrigan's Case,* 341 Mass. 413, 416. See also *Smith's Case,* 349 Mass. 772. Dr. Budnitz's testimony was not too ambiguous (cf. *Molloy* v. *Kizelewicz,* 343 Mass. 402, 405) to sustain the board's conclusions. It was within the single member's discretion reasonably to control cross-examination concerning the employee's driver's daily log for days other than those of the particular trip. See *McLean's Case,* 323 Mass. 35, 39; *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 755.

*Final decree affirmed.*
*Costs of appeal are to be*
*determined by the single justice.*

*Arthur W. Nichols, Jr.,* for the insurer.
*Edmund Burke* for the employee.


